**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABAYOMI EMMANUEL OGUNBODE, | No. 17-72373 |
| Petitioner, | Agency No. A209-159-241 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Abayomi Emmanuel Ogunbode, a native and citizen of Nigeria, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and his request for remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review the denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Ogunbode was firmly resettled in South Africa before arriving in the United States. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (the agency may credit part of a witness's testimony without accepting it all); *Aden v. Wilkinson*, 989 F.3d 1073, 1079-80 (9th Cir. 2021) (firm resettlement standard described); 8 C.F.R. § 1208.15 (definition of firm resettlement). Ogunbode is therefore ineligible for asylum.

In his opening brief Ogunbode does not raise, and therefore waives, any challenge to the BIA's dispositive determination that he waived challenge to the IJ's denial of withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). To the extent Ogunbode challenges the merits of his withholding of removal claim, we lack jurisdiction to consider it. *See*

2                                                                        17-72373

*Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, Ogunbode's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Ogunbode failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Nigeria. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Ogunbode's request to remand where he failed to provide new evidence. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015).

Ogunbode's claim that the BIA violated his right to due process fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). To the extent Ogunbode contends that the IJ violated his right to due process, we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 677-78. We also lack jurisdiction to consider Ogunbode's unexhausted contentions that the IJ failed to consider and excluded evidence, and that he was persecuted and fears harm in South Africa. *See id*.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

3                                                                                          17-72373